IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALONZO DAVIS,

                                                         OPINION and ORDER

           Plaintiff,

                                                     16-cv-715-bbc[1]

    v.

MILWAUKEE COUNTY,
MILWAUKEE DEPARTMENT
OF MENTAL HEALTH DIVISION,
FROEDERT HOSPITAL and
MILWAUKEE POLICE DEPARTMENT,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Alonzo Davis has filed a complaint about incidents that occurred in September 2009. In particular, he alleges that he was detained involuntarily by Milwaukee County and then Froedert Hospital for approximately one month. During his detention, he was allegedly forced to take unknown medications and undergo a number of medical procedures, including a blood draw, a catheter and an HIV test. Plaintiff says that he is "permanently physically disabled" as a result of his treatment, though he does not say why he believes defendants caused his disability.

Because plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915, his

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of the case.

1

complaint is subject to screening by the court. I conclude that the complaint appears to be untimely. However, before entering judgment, I will give plaintiff an opportunity to show that his case should not be dismissed.

OPINION

A. Claim Preclusion

A potential threshold problem with plaintiff's complaint is that he has sued about the same matter before. In David v. Mental Health Division, No. 15-cv-157-bbc (W.D. Wis.), plaintiff alleged that he had been detained and subjected to involuntary testing and treatment by the Milwaukee Behavioral Health Division and Froedert Hospital.

Judge Crabb screened the complaint and dismissed it without prejudice because the only defendant listed in the caption—the Mental Health Division—was not a suable entity. Judge Crabb asked plaintiff to clarify whether he was trying to sue Milwaukee County. Id. at dkt. #4. In addition, Judge Crabb noted that many of the allegations were difficult to follow, so she asked him to file an amended complaint that more clearly explained what had happened to him. Id. When plaintiff did not respond to the order, Judge Crabb dismissed the complaint with prejudice and the clerk of court entered judgment. Id. at dkt. ##5 and 6. See also Paul v. Marberry, 658 F.3d 702, 704-06 (7th Cir. 2011) (when plaintiff fails to correct pleading defect, dismissal should be with prejudice).

Generally, a plaintiff may not file two lawsuits arising out of the same set of facts. Czarniecki v. City of Chicago, 633 F.3d 545, 548 (7th Cir. 2011). Although Judge Crabb

did not decide in case no. 15-cv-157-bbc whether plaintiff's allegations stated a violation of the law, when plaintiff failed to respond to the court's order, the judgment became final and preclusive. Muhammad v. Oliver, 547 F.3d 874, 876 (7th Cir. 2008) ("[W]hen a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit . . . will generally bar bringing a new suit that arises from the same facts as the old one").

The one potential barrier to applying the doctrine of claim preclusion is that the doctrine generally requires the parties to be the same in both cases. Czarniecki, 633 F.3d at 548. Although the body of plaintiff's complaint in case no. 15-cv-157-bbc discusses all of the defendants listed in the complaint in this case, the Mental Health Division was the only defendant in the caption of the complaint in case no. 15-cv-157-bbc.

There are a number of exceptions to the general rule requiring an identity of parties to apply claim preclusion. For example, claim preclusion may apply when a new party has a particular legal relationship with a party sued previously. Taylor v. Sturgell, 553 U.S. 880, 893–94 (2008). However, I need not decide whether the Department of Mental Health Division is sufficiently related to some or all of the defendants in this case because plaintiff filed this lawsuit after each of the relevant statutes of limitations expired.

B. Statute of Limitations

In his complaint, plaintiff says that he is suing defendants for "neglect, violations of my civil rights, physical and emotional distress, medical malpractice." In Wisconsin, the statute of limitations for a violation of constitutional rights is six years. Reget v. City of La

Crosse, 595 F.3d 691, 694 (7th Cir. 2010). The limitations period for the state law theories plaintiff cites is three years. Wis. Stat. § 893.57 (intentional torts); Wis. Stat. § 893.55(1m)(a) (medical malpractice); Wis. Stat. § 893.54 (negligent injury to persons). The general rule for all of plaintiff's claims is that the statute of limitations begins to run when the plaintiff has notice of his injury. Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012); Doe 56 v. Mayo Clinic Health Systems—Eau Claire Clinic, Inc., 2016 WI 48, ¶¶ 15-17, 369 Wis. 2d 351, 363–64, 880 N.W.2d 681, 687–88; Spitler v. Dean, 148 Wis.2d 630, 636, 436 N.W.2d 308 (1989).

In this case, it appears that plaintiff had notice of all of his injuries in September 2009. Obviously, plaintiff knew at the time that he was being detained and that defendants were subjecting him to various medical procedures. Although injuries related to medical malpractice are not always apparent immediately, plaintiff does not suggest that his injuries were hidden from him for any period of time. Rather, in his complaint in case no. 15-cv-157-bbc, plaintiff alleged that he was disabled from the time he was released from the hospital in late September or early October 2009. Dkt. #1 at 10. Thus, it appears that more than six years had passed by the time plaintiff filed this case on October 31, 2016, so the statute of limitations has run on all of his claims.

The deadline for filing a claim may be extended under the doctrine of equitable tolling, but that doctrine applies only when the plaintiff "diligently pursued [his] claim" and "some extraordinary circumstances prevented [him] from timely filing [his] complaint." Blanche v. United States, 811 F.3d 953, 962 (7th Cir. 2016). Because plaintiff's previous

4

lawsuit in 2015 shows that he could have filed his claims more than a year and a half earlier, it seems unlikely that he could meet the standard for tolling.

In both of his complaints, plaintiff says that he uncovered new documents in September 2013 that support his claims. Plaintiff does not specify what was in those documents, but, if plaintiff means to rely on his alleged discovery to justify his delay in filing, what he has alleged thus far is not helpful. As an initial matter, because more than three years passed between September 2013 and the date plaintiff filed this lawsuit, all of plaintiff's state law claims still would be untimely, even if plaintiff's claims did not accrue until September 2013. Moreover, as discussed above, the statute of limitations begins to run when a plaintiff has notice of his injury, not when he discovers additional evidence to help him prove his claim. Thus, unless the documents revealed an injury of which plaintiff could not have been aware earlier, the documents would not have any bearing on the date that his claim accrued and the limitations period began to run.

Although it seems unlikely that plaintiff will be able to show that any of his claims accrued within the limitations period or that he is entitled to equitable tolling, I will give him one opportunity to make that showing with a supplemental complaint and any supporting evidence that he has. If he fails to respond by the deadline, I will dismiss his case with prejudice.

If plaintiff chooses to try to show that his complaint is timely, he should address another issue as well. In particular, at the end of his complaint, plaintiff lists several individuals as "personal parties involved in incident," including a police officer and three

5

doctors. However, plaintiff did not include any of these individuals in the caption of his complaint, so it is not clear whether he intends to sue them. Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties"). If plaintiff does intend to sue the individual defendants, he should file an amended complaint in which he includes those individuals in the caption. If he fails to do so, I will assume that defendants Milwaukee County, Milwaukee Department of Mental Health Division, Froedert Hospital and the Milwaukee Police Department are the only entities that plaintiff wishes to sue.

ORDER

IT IS ORDERED that plaintiff Alonzo David may have until January 26, 2017, to file a supplemental complaint and any supporting evidence showing that his complaint should not be dismissed. If plaintiff does not respond by January 26, 2017, I will dismiss the case with prejudice and direct the clerk of court to enter judgment.

Dated January 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge