IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALONZO DAVIS,

        Plaintiff,

v.

MILWAUKEE COUNTY, MILWAUKEE
DEPARTMENT OF MENTAL HEALTH
DIVISION, FROEDERT HOSPITAL and
MILWAUKEE POLICE DEPARTMENT,

        Defendants.

OPINION & ORDER

16-cv-715-bbc[1]

---

Pro se plaintiff Alonzo Davis has responded to the court's January 5, 2017 order directing him to show cause why this case should not be dismissed as untimely. Because Davis's response does not show either that (1) he filed his claims within any of the applicable statutes of limitations or (2) he is entitled to equitable tolling, I am dismissing the case and directing the clerk of court to enter judgment.

ANALYSIS

Davis filed this lawsuit on October 31, 2016. The allegations in his complaint relate to incidents that occurred in September and October 2009. In particular, Davis alleges that he was detained involuntarily by the Milwaukee Department of Mental Health Division and then Froedert Hospital for approximately one month. During his detention, he was allegedly forced to take unknown medications and undergo a number of medical procedures, including

---

[1] I am issuing this order because Judge Crabb is on medical leave.

a blood draw, a catheter, and an HIV test. Davis says that he is "permanently physically disabled" as a result of his treatment.

In his complaint, Davis says that he is suing defendants for "neglect, violations of my civil rights, physical and emotional distress, medical malpractice." In Wisconsin, the statute of limitations for a violation of constitutional rights is six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). The limitations period for Davis's state law claims is three years. Wis. Stat. § 893.57 (intentional torts); Wis. Stat. § 893.55(1m)(a) (medical malpractice); Wis. Stat. § 893.54 (negligent injury to persons). The general rule for all of Davis's claims is that the statute of limitations begins to run when the plaintiff knows or should know of his injury. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("For § 1983 purposes, a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated."); *Doe 56 v. Mayo Clinic Health Systems—Eau Claire Clinic, Inc.*, 2016 WI 48, ¶¶ 15, 369 Wis. 2d 351, 363, 880 N.W.2d 681, 687 ("Accrual dates in medical malpractice claims are based on the date of injury or, if applying the discovery rule, the date the injury was or should have been discovered."); *Spitler v. Dean*, 148 Wis. 2d 630, 633-34, 436 N.W.2d 308, 310 (1989) ("[T]ort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first.") (internal quotations omitted).

In the January 5 order, I wrote that it appeared from Davis's complaint that he had notice of all his alleged injuries in September or October 2009. Because the longest of the applicable statutes of limitations is six years, and Davis did not file this lawsuit until seven years after he had notice, I directed Davis to show cause why this case should not be dismissed as untimely. I noted that a plaintiff is not entitled to equitable tolling of the statute

of limitations unless he "diligently pursued [his] claim" and "some extraordinary circumstances prevented [him] from timely filing [his] complaint." *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016).

In response to the court's order, Davis has filed a lengthy document that is devoted primarily to providing more detailed allegations regarding the events in September and October 2009. However, I did not consider the merits of Davis's claims in the January 5 order and I did not ask Davis to file an amended complaint, so much of his document is not responsive to the court's order.

Davis raises three issues in his response that could be relevant to the question of timeliness. First, he discusses new information that he learned in medical records that he reviewed for the first time years after his detention. Second, he discusses hardship that he experienced after he was released. Third, he explains why he abandoned an earlier lawsuit he filed about the same issues, *Davis v. Mental Health Div.*, No. 15-cv-157-bbc (W.D. Wis.), and waited another year and a half to file this case. I will consider each issue in turn.

As to the medical records, Davis alleges that he did not learn that he had been subjected to an HIV test without his consent until he reviewed records from the Milwaukee Department of Mental Health Division. Thus, these records could be relevant to the questions of when Davis had notice of any injuries related to that test and when any claims related to those injuries accrued.

One potential problem with Davis's allegation is that he provides inconsistent dates regarding when he obtained these documents. *E.g.*, Dkt. 5, at 5 (January 2014); *id.* at 9 (March 2014); *id.* at 12 (May 2014). *See also* Dkt. 1, at 3 (alleging that he obtained medical records in September 2013). I need not attempt to resolve these discrepancies because,

3

regardless when he obtained the records, he does not allege that he had been unable to obtain them sooner. Rather, he alleges that he did not even request his records from the department until 2014, after four law firms declined to represent him and he decided to investigate his claims on his own. Dkt. 5, at 12. As noted above, under both federal and state law, a claim accrues when a plaintiff reasonably *should have* learned of his injury. Davis does not identify any reason that he could not have requested his records much sooner, so he cannot rely on the date he reviewed those records as the date his claim accrued. In fact, Davis admits that he obtained his records from Froedert Hospital in March 2010, Dkt. 5. at 8, and he identifies no reason why he could not have requested his records from the Department of Mental Health Division at the same time. Even if I assume that March 2010 was the earliest that Davis could have received his records from the department and discovered the HIV test, Davis filed this lawsuit more than six and a half years later, so that claim still would be untimely.

     As to the hardship that Davis experienced after he was released from the hospital, that could be relevant to the question of equitable tolling. Davis alleges that he was "traumatized" and "emotionally damaged" by his hospitalization, so it took him "six months" to recover. *Id.* at 10. Again, however, even if I assume that Davis was unable to act until March 2010, this does not explain his additional six and a half year delay in filing this lawsuit. Davis says that he was trying to find a lawyer to represent him during at least some of that time, but "the inability to find an attorney . . . does not toll the limitations period as plaintiff is not entitled to representation in [a] civil suit." *Dunn v. Bldg. Trades United Pension Trust Fund*, No. 15-cv-0026, 2015 WL 7432846, at *2 (E.D. Wis. Nov. 23, 2015).

4

Finally, the circumstances around Davis's previous lawsuit do not show that he is entitled to equitable tolling. In fact, it is just the opposite. His 2015 lawsuit shows that he could have filed these claims much earlier but he failed to do so.

In March 2015, Davis filed a complaint in which he alleged that he had been detained and subjected to involuntary testing and treatment by the "Mental Health Division" and Froedert Hospital. *Davis v. Mental Health Div.*, No. 15-cv-157-bbc (W.D. Wis.). Judge Crabb screened the complaint and dismissed it without prejudice because the only defendant listed in the caption—the Mental Health Division—was not a suable entity and because Davis's allegations were confusing and vague. *Id.,* at Dkt. 4. Although Judge Crabb gave Davis an opportunity to amend his complaint, he never responded to the court's order, so the complaint was dismissed with prejudice and the clerk of court entered judgment. *Id.* at Dkt. 5 and 6. *See also Paul v. Marberry*, 658 F.3d 702, 704-06 (7th Cir. 2011) (when plaintiff fails to correct pleading defect, dismissal should be with prejudice). Once that case was dismissed, Davis's statutes of limitations continued to run as if the case had never been filed. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).[2]

Davis says that he did not respond to the court's order because he "became sidelined by a horrific incident that involved my family member Tony Robinson when he was shot and killed by a Madison police officer in March [2015]. I had absolutely no time to focus on resubmitting a second complaint in the timeframe that I had." Dkt. 5, at 12.

Davis does not identify his relationship to Robinson and he does not explain how Robinson's death prevented him from complying with the court's order or at least from

---

[2] As I noted in the January 5 order, Dkt. 4, at 3, it is not clear whether Davis's earlier lawsuit would bar this one under the doctrine of claim preclusion because Davis is suing different defendants in this case. *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011).

seeking an extension of time. Regardless, even if I assume that Davis and Robinson were closely related and that Davis was grief-stricken by the loss of his relative, equitable tolling is reserved for "[e]xtraordinary circumstances." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citations omitted). Mental health issues do not reach that level unless they are so severe that they "prevent a plaintiff from discovering or understanding the cause of an injury." *Barnhart v. United States*, 884 F.2d 295, 300 (7th Cir. 1989). For this reason, courts in this circuit have rejected requests for equitable tolling that rely on the death of a loved one. *Dunn*, 2015 WL 7432846, at *2 (pro se plaintiff not entitled to equitable tolling because of deaths of son and husband); *Ocholi v. Wal-Mart Stores E., LP*, No. 12-C-1069, 2013 WL 1759423, at *1 (E.D. Wis. Apr. 22, 2013) (pro se plaintiff not entitled to equitable tolling for death of daughter). *Cf. United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) (citations omitted) (no equitable tolling for death of attorney's father).

     Davis also says that he waited another year and a half to file this case because he was involved in a car accident in June 2015 that required him "to go to court for 9 months and serve 2 months" in prison. Dkt. 5, at 12. In light of my conclusion that Davis could have filed his lawsuit before June 2015, this allegation cannot help him. In any event, being incarcerated is not an extraordinary circumstance that justifies equitable tolling. *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001). Also, although I have no doubt that the other litigation was "distract[ing]" as Davis alleges, equitable tolling is limited to situations in which an earlier filing was "not possible." *Farzana K. v. Ind. Dept. of Educ.*, 473 F.3d 703, 705-06 (7th Cir. 2007). Being distracted by other matters does not qualify.

In sum, none of Davis's allegations suggest that he filed this lawsuit within any of the applicable statutes of limitations governing his claims or that he is entitled to equitable tolling. Accordingly, I am dismissing the lawsuit as untimely.

ORDER

IT IS ORDERED that this case is DISMISSED WITH PREJUDICE as barred by the statute of limitations. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered February 27, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge